IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr27

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| WILLIE ARTICUS LAMPKIN ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 24), and the government's response (Doc. No. 30).

The defendant pled guilty to possessing fewer than 5 grams of cocaine base with intent to distribute (Count Two) and possessing a firearm during and in relation to that drug trafficking crime (Count Three). (Doc. No. 18: Judgment at 1; Doc. No. 15: Plea Agreement at 1-2). The resulting offense level of 18 was decreased by 3 for accepting responsibility. (Presentence Report (PSR) at ¶¶ 18, 25). Combined with a criminal history category of V, the resulting advisory guideline range was 37-46 months for Count Two, plus 60 consecutive months for Count Three. (Doc. No. 19: SOR at 1). The Court sentenced the defendant to 41 months' imprisonment on Count Two, 44% above the low end of the range, and 60 consecutive months on Count Three. (Doc. No. 18: Judgment at 2).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 24). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time

of sentencing. The amended offense level for possessing at least 1 but fewer than 2 grams of cocaine base is 16. USSG Supp. to Appx. C., Amend. 706 (2007). The subtraction of 3 levels for acceptance of responsibility results in a total offense level of 13. The amended guideline range, given a criminal history category of V, is 30-37 months for Count Two. The defendant and the government recommend imposing a 33-month sentence, 44% above the low end of the amended range. (Doc. No. 24: Motion at 5; Doc. No. 30: Response at ¶ 9).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 33 months' imprisonment on Count Two. When combined with the 60-month consecutive sentence for Count Three, the total is 93 months' imprisonment.

**IT IS FURTHER ORDERED** that, that upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: January 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge